UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 14**     **2469**

------------------------------------------------------------------ x

DURRAN BLACKFORD,

                       Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER ANGEL
CEDENO (shield # 17722), SERGEANT SEAN
CLAXTON (tax # 943092), POLICE OFFICER BRIANA
DONOVAN (shield # 6520),

                       Defendants.

**COMPLAINT**

Jury Trial Demanded

GLASSER, J.

------------------------------------------------------------------ x

          Plaintiff DURRAN BLACKFORD, by his attorney RICHARD CARDINALE,

alleges as follows:

### PRELIMINARY STATEMENT

      1.      This is a civil rights action in which the plaintiff alleges that the City of

New York and three New York City Police Officers violated his rights under 42 U.S.C. § 1983,

the Fourth and Sixth Amendments to the United States Constitution, and New York state law by

unlawfully stopping and frisking him, using unreasonable force on him, falsely arresting him and

denying him a fair trial. Plaintiff seeks compensatory and punitive damages, attorney's fees and

costs and such other and further relief as the court deems just and proper.

### JURISDICTION & VENUE

      2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and

Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court

by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of assault, battery, false arrest and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5.      Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6.      In connection with plaintiff's claims under state law, a notice of claim was duly filed with the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

7.      Plaintiff testified at a 50-h hearing.

8.      This action is brought within one year and 90 days of the incident at issue.

## PARTIES

9.      Plaintiff is a resident of the State of New York, County of Kings.

10.     The City of New York is a municipal corporation organized under the laws of the State of New York.

11.     The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

2

## STATEMENT OF FACTS

12.     On August 24, 2013, at approximately 9:45 p.m., plaintiff was standing on the sidewalk in front of 116 Lenox Road in Brooklyn, New York eating french fries, talking with a friend, obeying the law and not acting in a suspicious manner.  There were numerous individuals standing on the sidewalk near plaintiff.

13.     The three defendant Police Officers approached plaintiff and stopped and frisked him without legal justification.

14.     The defendants falsely accused plaintiff of possessing marijuana which they allegedly found in a bag on the ground near where plaintiff and others were standing.

15.     Plaintiff overheard the defendants discussing whether to arrest him and fearing that he was going to be falsely arrested, plaintiff panicked and ran across the street.

16.     The defendants apprehended plaintiff across the street in front of 125 Lenox Road and retaliated against plaintiff for running away by bringing plaintiff to the ground in a forceful manner, punching plaintiff twice in his face, pushing a knee into plaintiff's back, twisting plaintiff's arms, and handcuffing plaintiff excessively tight.

17.     The aforesaid use of force caused plaintiff to suffer, among other things, pain, swelling and bruising to his eye, face, arms, elbows and body.

18.     To further retaliate against plaintiff for running away, to cover-up their unlawful use of force, and to earn overtime compensation, the defendants arrested plaintiff without probable cause and charged him with possession of marijuana, tampering with physical evidence and resisting arrest.

19.     The defendants brought plaintiff to the 67th Precinct for arrest processing.

3

20.     In the 67th Precinct, the defendants did not read plaintiff his rights, did not provide him with food or water, and did not allow him to make a telephone call.

21.     In the 67th Precinct, defendant Cedeno, with the approval of defendants Claxton and Donovan, completed arrest paperwork charging plaintiff with possession of marijuana, tampering with physical evidence and resisting arrest.   Plaintiff was then taken to Brooklyn Central Booking to await arraignment.

22.     While plaintiff was held in Brooklyn Central Booking, defendant Cedeno, with the approval of defendants Claxton and Donovan, misrepresented to the Kings County District Attorney's Office that plaintiff was found in possession of marijuana, tampered with physical evidence and resisted arrest, and encouraged prosecutors to file criminal charges against plaintiff.

23.     On August 25, 2013, defendant Cedeno, with the approval of defendants Claxton and Donovan, signed a criminal court complaint falsely charging plaintiff with possession of marijuana, attempted tampering with physical evidence, harassment in the second degree, and resisting arrest.

24.     On August 25, 2013, at approximately 11:45 p.m., plaintiff was arraigned in night court and released on his own recognizance.

25.     After being released from custody, plaintiff received medical treatment for his injuries at Kings County Hospital and from ophthalmologist Dr. Arnold Stein.

26.     Defendant Claxton was treated at Kings County Hospital for injuries that he received to his hand from unlawfully using force on plaintiff.

4

27.     After his arraignment, plaintiff appeared in Criminal Court on October 15, 2013, December 17, 2013 and March 4, 2014, at which time the charges were adjourned in contemplation of dismissal.

28.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was incarcerated for over 24 hours and suffered a loss of liberty, "garden variety" emotional distress, fear, anxiety, sadness, embarrassment, humiliation, and pain, bruising and swelling to his eye, face, arms, elbows and body.

## FIRST CLAIM

### (UNLAWFUL STOP & FRISK UNDER THE FOURTH AMENDMENT)

(Against the Individual Defendants)

29.     Plaintiff repeats the foregoing allegations.

30.     Defendants stopped and frisked plaintiff without legal justification or consent.

31.     Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for unlawfully stopping and frisking him.

## SECOND CLAIM

### (FALSE ARREST UNDER THE FOURTH AMENDMENT)

(Against the Individual Defendants)

32.     Plaintiff repeats the foregoing allegations.

33.     At all relevant times, plaintiff did not commit a crime or violation.

34.     Despite plaintiff's innocence, the defendants arrested plaintiff.

35.     Plaintiff was conscious of his confinement, did not consent to his confinement and his confinement was not privileged.

5

36.   Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## THIRD CLAIM

### (UNREASONABLE FORCE UNDER THE FOURTH AMENDMENT)

(Against the Individual Defendants)

37.   Plaintiff repeats the foregoing allegations.

38.   Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain, bruising and swelling to his eye, face, arms, elbows and body.

39.   Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## FOURTH CLAIM

### (DENIAL OF A FAIR TRIAL UNDER THE SIXTH AMENDMENT)

(Against the Individual Defendants)

40.   Plaintiff repeats the foregoing allegations.

41.   Defendants maliciously misrepresented to prosecutors that plaintiff had committed a crime.

42.   Defendants' misrepresentations deprived plaintiff of liberty.

43.   Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

## FIFTH CLAIM

### (FAILURE TO INTERVENE UNDER THE FOURTH & SIXTH AMENDMENTS)

(Against the Individual Defendants)

44.   Plaintiff repeats the foregoing allegations.

45.     Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the Fourth and Sixth Amendments, but they failed to fulfill their constitutional obligation to intervene.

46.     Accordingly, the defendants are liable to plaintiff under the Fourth and Sixth Amendments for failing to intervene to prevent the violation of plaintiff's constitutional rights.

### SIXTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

(Against the Individual Defendants)

47.     Plaintiff repeats the foregoing allegations.

48.     At all relevant times, plaintiff did not commit a crime or violation.

49.     Despite plaintiff's innocence, the defendants arrested plaintiff.

50.     Plaintiff was conscious of his confinement, did not consent to his confinement and his confinement was not privileged.

51.     Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

### SEVENTH CLAIM

### (ASSAULT)

(Against the Individual Defendants)

52.     Plaintiff repeats the foregoing allegations.

53.     Defendants' use of force upon plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured him.

7

54.     Accordingly, the defendants are liable to plaintiff under New York state law for assault.

## EIGHTH CLAIM

### (BATTERY)

(Against the Individual Defendants)

55.     Plaintiff repeats the foregoing allegations.

56.     Defendants' use of force upon plaintiff constituted offensive and nonconsensual physical contact which injured plaintiff.

57.     Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## NINTH CLAIM

### (VICARIOUS LIABILITY)

(Against the City of New York)

58.     Plaintiff repeats the foregoing allegations.

59.     The individual defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

60.     Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault and battery.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Attorney's fees and costs;

    d.    Such other and further relief as the Court may deem just and proper.

DATED:    April 17, 2014

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391